Good morning. We have four appeals that are scheduled for oral argument this morning. The first is the United States of America v. James Talley. Jonas Cummings is here for the appellant tally, and Jermaine Sider is here for the United States. And, Mr. Cummings, you may begin your argument. Jermaine Sider Good morning, Your Honors. It's a counsel, and may I please report? I'm Jonas Cummings of the Federal Defender's Office, arguing on behalf of Mr. Talley. This case is not about whether we hold a fugitive from supervised police accountable, but about how, under the statutes in the Vernon District Courts, can we fulfill the goals of supervision by remaining faithful to the text of the statutes. There is no need to resort to a judge-made fugitive tolling rule, which Congress noticeably left out of the relevant statutes. Yet the government makes a bold request in the court, which is to expand the statutes beyond the text by treating Congress's silence on fugitive tolling as a license to extend it to a new context. This is an invitation for misapplication of the non-derogation canon. Justice Breyer We don't really have any law deciding whether this supervised release can be equitably tolled pursuant to the fugitive tolling document, but the weight of authority seems to be against you, doesn't it? Jermaine Sider It is. Justice Breyer How do you get around that? Jermaine Sider It is true that four circuits, or five if you count, Cartagena-Lopez are against us, but the First Circuit is with us, and I think it is the quality of the reasoning rather than the numbers that count. But to get around those two ideas, I'll take them in order. The fugitive tolling doctrine isn't necessary to punish absconders for a couple of reasons, nor is it necessary to fulfill the goals of supervision. Start with 3583I, which gives district courts the ability to lock in the ability to revoke a person's term of supervised release even after their term has expired, as long as it issues a warrant or summons during the term of supervision. And if you become a fugitive, the district court or the probation office will have an opportunity to get that warrant or summons issued. And then upon revocation, when you look at 3583E3, it says that upon a revocation, the district court can impose the term of supervised release and it can be served in a combination of imprisonment or further supervised release afterward, and critically, gets no credit for time previously under supervision. So there is no need to toll supervised release to ensure that you ultimately serve a full term because it can be revoked without credit for supervision. So your point, if I understand right, is look, your client had as a condition of the supervised release that he check in with his probation officer. He violated that condition. His supervised release can be revoked for violating that condition and the district court can do, you know, whatever the district court wants to do as long as it's consistent with the statute as a punishment for that violation, and that's all that needs to happen. Precisely. Let me ask you this question. So Judge Wilson mentioned the other circuits. They say that you have to apply fugitive tolling to make sure that folks like your client don't get some benefit from absconding. What does that mean? What kind of benefit would your client get from absconding that the tolling doctrine takes away from him? Nothing. He doesn't receive a benefit. The district court locked in its ability to revoke his term of supervision by issuing a timely warrant during the term of supervision. So it could have proceeded on the first timely file violation. What about the battery that took place after supervised release ended? Javier? Yes, Your Honor. So it did occur after the term of supervision, and we argue that that can't be the basis for a revocation. He was independently punished for that in state court, too. So any time you commit a new crime, there's that. But in addition, if the district court's proceeding only on the first revocable offense, there's a subset of 3553A factors, a subset that's incorporated into 3583E3. And so the district court can consider any other conduct under those factors in deciding the appropriate sentence to impose just for the first revocable offense. So in the end, he does not profit. Explain what you mean by that last part. I'm not sure I totally followed you. So 3583E3 says that upon a revocation for supervised release, there's a certain number of 3553A sentencing factors that a district court can consider in fashioning this sentence. So when you say 3553A sentencing factors, you mean things like need to protect the public, need for deterrence, you know, the history and characteristics of the offender, right, those kinds of things? Correct. But one is deterrence. That's still factored into 3583E3. So the district court is authorized to consider any other conduct, even if the battery, for example, isn't the basis for the revocation. So the way you're saying this works is the guy violates his terms of supervised release by not checking in with his probation officer. We don't have to ask a question about, like, did he abscond? Was he truly a fugitive? Whatever. Just he violated the terms of his supervised release. He can be revoked for that. And then the district court can do what a district court can always do, which is consider whatever he's done, his own personal characteristics, and deciding how to punish that revocation. But there's no need to have, like, a second ground for revocation under this doctrine. Correct. Can I ask you, so one thing I'm trying to figure out in your argument is the way you've pitched your argument is that fugitive tolling just doesn't apply to supervised release. I kind of wonder whether you need to go that broad, and here's the reason why I wanted to get your thoughts on this. So normal fugitive tolling is I escape from prison on April 1st, and then they catch me on May 1st, and then they add that month onto my sentence. That's not what the government is asking for here, right? I don't think so. Like, they're not trying to add a term of supervised release to the end of the term that he was serving, right? They're trying to revoke him for something he did while he had absconded. Correct. And in a sense, they are kind of stretching out the term of supervised release because there's a little bit of an irony because the government is arguing that the term of supervised release is tolled, and tolling means suspended. But they're also saying that the conditions of supervised release were still in effect. And this is what I want your thoughts on. Could you just say that's not a proper application of fugitive tolling? You wind up with the same result either way. Yeah, but one result is way broader than the other. I think extending the fugitive tolling doctrine where Congress comprehensively rethought the post-confinement framework and omitted it, I think that would be going broader. But either way, you could say it is not a, even if you decide that fugitive tolling does apply, you could reason that that is not a proper application of the fugitive tolling. Why would you think it was extending the fugitive tolling doctrine rather than applying it kind of as it would have been done in the common law before the Sentencing Act? It gets me back to Judge Wilson's second question, which is how do I get around the common law point? So the interpretive presumption that favors the retention of common law rules doesn't apply here because the government seeks not to retain a common law fugitive tolling doctrine but to extend it to supervised release. And the reason I say that is supervised release is not parole. It's parole where this fugitive tolling doctrine was discussed. But supervised release is a creature of statute. Congress comprehensively rethought the post-confinement supervision framework. In court it says that if you're dealing with a creature of statute, that you want to lay the exact common law principles into it because the thinking is the legislature approached the issue with fresh eyes and balanced the equities anew and reached its policy choices. What makes it, I get your argument, but what makes it not parole as opposed to some adjustments to parole and also we call it a different thing? So I don't agree with cataloging all the differences between supervised release and parole. But just to zero in on a couple of things, it's not part of the term of imprisonment. It's afterward. It's not under the jurisdiction of the warden. It's under the jurisdiction of the district court. And then two other differences is there's an express authorization for a district court to revoke a term of supervised release after the term is over. But the earliest parole statutes, like the ones reprinted in the margin in Anderson v. Corral, there was no express authorization for the parole commission to exercise jurisdiction after the term expired. Parole, when parole was revoked, the maximum sentence was to serve the balance of your term of imprisonment. But when supervised release is revoked, you never get credit for street time anyway. The district court can impose the term of supervised release. That seems like maybe the most important distinction between the two for purposes of fugitive tolling. Right? Because it would operate completely differently in this context. It would, and it's unnecessary to do so. Because of the way the pieces of the supervised release statutes fit together, it makes it completely unnecessary. And it's sufficiently different from parole that it's inappropriate to extend a common law rule that arose in the parole context to this new creature. Can I get your response to one additional way in which it is different? So Congress in 18 U.S.C. 3583 said that there are certain mandatory conditions of supervised release that district courts have to impose. And those conditions are don't do drugs, submit to two drug tests, don't commit new crimes, and to pay restitution. And that's it. How would you abscond from a supervised release term that just had those conditions? If you missed drug tests, usually those are in person. So that will be a detectable. So if you missed one of the two drug tests, then you could abscond? Maybe. And I see my time is up. I'll reserve the rest for rebuttal. All right. Thank you, counsel. Ms. Sider. Good morning. May it please the court. The district court here had jurisdiction to adjudicate Mr. Talley's battery as a violation of supervised release because at the time of that battery, Mr. Talley's three-year term of supervised release had not yet expired. It had not expired because as a matter of fact and law, he had not yet served three years of supervision. The undisputed facts show that as of January of 2021, Mr. Talley had made himself unavailable for supervision because he had disappeared from his probation officer, who had spent four months searching for him to no avail. He had absconded, and he never returned. What's your response to the argument that the government is trying to have it both ways, that you're trying to say he had absconded from supervised release so he was not serving his supervised release term, and also we can hold him accountable for this battery that he committed while on supervised release? Well, tolling, we're not having it both ways. Tolling, the operation of tolling is to stop the clock on the term from running. This is the clock. When we talk about the clock on the term. I don't think that's responsive. So if you stop the clock, then that means he's not serving his sentence during that period of time, right? That's how tolling works? Correct. So then how is he violating the terms of his supervised release if he's not serving his supervised release during that time period? Because the clock is stopped, but it doesn't mean that he gets to lift the conditions of his supervised release. So that doesn't make any sense. The clock stopped on what then? The clock calculates how much time he has served, how much time is left to serve. It's more of a calculation of when his term is supposed to expire. And so when he stops serving by absconding, it interrupts the service of his supervision. So it means that for that period of time that he is gone, he is not serving supervised release. And under common law, that time that you're not serving your sentence cannot count. So could you answer my question to the other slide, which is this. Under the common law, the way this works is that if I go away from it, if I flee prison, I escape prison on April 1st, and then I come back on May 1st, that month when I'm gone is added to my sentence. That is not what you're trying to do here, right? You're not trying to add some supervised release to his sentence. No, we're just trying to make sure that he serves what the term that says. No, no, no, no, you're not trying. I mean, you're trying to revoke him for something he did post, right? This is about whether you can revoke him for that battery. No, this is not about that. Oh, really? This is about calculating when his term of supervised release expired. When did his term of supervised release expire? It never expired because the clock stopped. It never expired? It hasn't expired yet because the clock stopped when he absconded and he never returned. When did it start running again? It didn't stop running again. Even when he was caught and put back under supervised release? Because when he was caught on May 20th from the time that he was arrested and put in state custody and over the next five months until the district court's revocation hearing, he was imprisoned in connection with either the state... Okay, so that was under the statute is what you're saying? That was under 3623. So the clock never stopped running. It can run indefinitely? Supervised release can run indefinitely? What if it's five, ten years? He's still on supervised release ten years after he's a fugitive? Yes, but it's not an extension of the term. So the common law establishes that your term on a sentence is dictated. When you're sentenced to a three-year term sentence, it's a judgment that you're supposed to serve three years' time. It's not a judgment that you're supposed to serve a sentence that ends three years from the date it commences. In typical cases, we don't have to make that distinction because in typical cases, people serve their terms continuously. But when you have a situation here where he didn't serve it continuously, he left, and so there has to be a way to account for the time that he is gone. And so I guess here's the thing. I don't disagree with the idea of that. What I'm still trying to figure out is how his supervised release term could be told, and yet you say he violated the terms of his supervised release during that period of time because I just don't understand that. Maybe it's just me, but that seems deeply inconsistent because his sentence of supervised release is you can't commit any more crimes, right? That's the sentence. I mean, it's that condition that's imposed upon him. So how can that condition be told in the sense it doesn't apply during this time period, but then we apply it during the time period? Okay, because the tolling, when we're talking in this situation, the tolling addresses the calculation of how much time he has served. That is different from whether the conditions are still in effect. If he could flee and lift the conditions of a supervised release, that is giving him the power to basically give himself an intermittent sentence. Right, and that seems like we should say he can't do that, right? Correct. So maybe we shouldn't apply this tolling doctrine and just say that if you flee and you don't comply with the terms of your supervised release, you can be revoked for that, and also if you commit additional crimes that would have been during your terms of supervised release, you could be revoked for that, but there's no need to add some additional time period under the theory that you're not actually serving your terms of supervised release. If you don't toll, if you say no tolling and you allow the sentence to run when somebody is fleeing for months or years on end, that means he gets to run out. His term expires when he's a fugitive, and that means that he gets to be deemed to have completed a three-year term. When he has not served, he's not serving. So when you say deemed completed, that's where I'm getting. So I think, so look, the way they're suggesting this should be done is that if there is a condition to the supervised release that you have to check in with your probation officer and you don't comply with that condition, then you can be revoked for that. You agree with that, right? Correct. Okay. And then they say, that solves this problem. You just revoke the guy for not checking in with their probation officer. Why doesn't that solve the problem? Because tolling isn't a penalty. A tolling is not a penalty. No, no, no. You didn't ask the question. Why doesn't that solve the problem? Solves the… If someone is not, and it's a violation of supervised release. If they have a condition that says that they have to check in with their probation officer. Correct. But not every time. You can miss one probation office meeting. You can miss two. You can miss three. It doesn't mean, doesn't necessarily mean that you are, you've, that you're unavailable for supervision. Yeah, but you could be revoked for missing any of those, right? You could. Okay. And here, you can too when you've gone. But it also has the additional effect of interrupting the service of supervised release. And so, you know, if you consider, tolling isn't a penalty. So it's not supposed to penalize a violation. Tolling is supposed to reflect the fact that he, the period of time that he is not serving a sentence. So he can't be credited for that time as serving, as a service. How is he getting credited for this? If we, I guess that's what I'm just so confused about. How is he suggesting he should be credited for time, and you are saying he should not be credited for time? Because I understand his argument. His argument is you can revoke me for, you can revoke me for this. That's his argument. Your argument is that, yes, we can revoke you for this, but we can also extend the period and revoke you for other things that were after the period. I understand his position. I don't understand how your position, I don't understand your argument that his position gives him credit for something that he should not otherwise, that he should not get credit for. Because his argument is that his term expired on May of 2021. He had absconded before then, months before then. Right, and he had already been filed to be revoked, right? The district court could have, had they been able to find him, they could have revoked him before then. Yes, they could. Yes, they could have. But my point is, is that if you deem his term to be completed by May of 2021, when he has not, that's saying that I've completed my three-year term, but he did not serve three years. But isn't that ignoring, isn't that ignoring the, I think, purpose of supervised release, which is to give the court authority to monitor the person, and if there's a problem, to bring them back in. So if it's identified that he's absconded or had some other violation, then at that point a warrant could be issued for his arrest and he has new penalties. So it's not as if he simply, you know, lets his service run out and then he's free. It's just that the means of the penalty takes a different form, right? But tolling isn't a penalty. It's not supposed to, it's not a form of a penalty. It's like saying the crime of escape. Escape from custody is an offense that you can be convicted of an offense under 18 U.S.C. 751. That is an offense, and it is subject to a penalty of five years in prison. That statute isn't also going to say that also your escape has the effect of tolling the sentence from which you escaped, because that is unrelated to the penalty. But if it's tolled, then you can't, he's not serving supervised release, so that means you can't hold him accountable for violations of supervised release during the time period when it's tolled. In the same way that if you escape from prison, so your sentence is tolled for the, I guess, April to May, that Judge Brasher hypothesized, during April to May that person is not serving their sentence, so it's tolled. In the same way, if his supervised release conditions are tolled during that time period, then he can't be held accountable for violations of those conditions during that time period. It would just restart once he is back in supervised release. His conditions are not tolled during that time. It's a two-step process. Then he is serving those conditions. I don't see how you can have it both ways. No, because he's evading those conditions, but they're still in effect. So here's the thing that I'm confused about. So I talked with the other side. So the only mandatory conditions that a district court has to impose is do two drug tests, don't commit other crimes, and pay your restitution. There might be like DNA, you have to submit DNA or something too. But the statute says one discretionary condition that a district court can impose is check in with your probation officer, submit to probation officer inspection, stuff like that. That's all discretionary. District court doesn't even have to impose all that. It seems very odd to say that you could abscond from a sentence that is just don't commit additional crimes and take two drug tests. You could violate the terms of that sentence, but how would you abscond from that? The sentence of supervised release is to allow the probation officer to provide him guidance. Oh, but that's only if the court provides for that under discretionary conditions, though. No, 3624E charges the probation officer with executing the conditions of the terms of the supervision. He has to be able to be found, right? He has to be able to be reachable. He has to be found. And if you don't toll it, it also runs into the problem of if someone absconds later, like toward the later of the sentence and you can't get a warrant in time, then you can't even revoke him for absconding. And on top of that, if we say the conditions are ineffective while he's absconding, then he is basically immunizing himself from being held accountable for his conduct in the form of violations, whereas somebody who remains under supervision who doesn't abscond can commit that exact same conduct, and they would be held accountable for it. How is that, though? I don't understand because if someone remained under supervision, right? So let's assume that he didn't run away and he remained under supervision. You wouldn't be able to revoke him for running away, right, because the guy didn't run away, right? So there's that. But then his term of supervised release would have expired before he committed this battery offense, right? So a guy who actually stayed under supervised release is not revoked at all. So he absconded, so he's getting revoked. The guy who stayed under supervised release isn't getting revoked at all, not for the battery and not for absconding. So it looks like he gets no benefit as compared to the guy who stayed. But if you compare him to a situation where someone absconds and while he's absconding commits a violation, commits his battery while absconding before his term of expiration date, and you compare that to somebody who stays under supervision and commits the same conduct, commits an offense, they would be held, within the expiration term, they would be held liable. Right. So either way, if he absconds and he commits an offense during the supervision term, he's treated the same way as someone who doesn't abscond and commits an offense during the supervision term, right? That's what you're saying? No, he's not treated the same way. He's not? Not if he commits an offense during the supervision term? Well, because he gets the benefit. He doesn't have to answer to this. Why wouldn't he? Why wouldn't he just be revoked for committing the offense, just like somebody who stayed and didn't abscond? Because he also committed another offense. But that was after the supervision term was over. So the guy who stays and doesn't abscond and commits an offense after the supervision term is over, he doesn't get revoked at all, right? Correct. But this guy gets revoked because he absconded. He didn't talk to his probation officer. He will get revoked for absconding in this case, but in other cases, if we don't get a warrant in time, then we don't even get him for absconding. But, I mean, is the government not getting a warrant in time really a reason to make a different rule? Yes, because by absconding, he's inherently making it more difficult to— By absconding, he is—I mean, this goes to the inequities of the situation and why you're not supposed to ban him from his conduct. And by absconding, he's creating all sorts of bad instances. Does the record reflect that he absconded? He had a heart attack. They couldn't find him. And there's a lot of case law out there that says just mere absence from the jurisdiction doesn't render you a fugitive from justice. There has to be an intent to avoid prosecution. I don't see any facts in this record that establish that he actually absconded. And, in fact, the court did not even make a finding, a finding of fact, that he was a fugitive. Doesn't the court have to find, as a matter of fact, that he was a fugitive? The court did make that finding in ruling that it had jurisdiction to be— he had jurisdiction over this violation because his term hasn't been told because he had lost contact with his probation officer. And everyone understood what that meant. That meant he absconded. The court found that he was, as a fact, that he was a fugitive? It found that he had lost contact with his probation officer. But in the context of the entire revocation transcript, it's clear that that was a finding that he had absconded. The undisputed facts show that he had made himself unavailable to the probation officer's search program for four months by contacting at home, contacting at work, by phone, by email, by text. And he was nowhere to be found. And he remained— He was in the hospital. He was in the hospital. He wasn't there. And he's never—there's nothing in this record to show that he was not voluntarily absent. And at the revocation hearing, when Mr. Talley's counsel was presenting this objection, he said this is a legal issue as to whether a term can be told when someone absconds. And he admitted all of the underlying facts. Hey, you said something in response to one of my questions that I really want to follow up on. So the way I understood—so I've sentenced people. I've revoked them, and I've sentenced them. And I always thought that it was discretionary to me about whether I imposed these discretionary conditions in 3563, which they're listed as discretionary conditions, reside in a specified place, remain in the jurisdiction of the court, report to a probation officer, permit a probation officer to visit him at his home, answer inquiries by a probation officer, notify the probation officer. All of these are, like, different things that a court can impose. You said that there was something that was mandatory about requiring probation officers to keep in touch with people or something like that. Where is that? I apologize. That's not what I meant. I meant that it's part of the probation officer's duties to ensure that these conditions are executed. Right. So I think we agree then. So if the judge orders one of these conditions, then the probation officer has to do something. But if the judge doesn't order one of these conditions, then the probation officer doesn't do anything, right? Or maybe I'm wrong about that. I don't know how the probation officer works really well. Yeah, the probation officer is in charge of overseeing the defendant's supervision. Right. When the defendant is gone. Right. So if I order as a condition of supervised release, when you're serving your term of supervised release, you're going to have to check in with a probation officer every month. Then the probation officer has to make sure that person is checking in every month. But if I don't order that, then the probation officer doesn't have to do that, right? Correct. Okay. So my question to you then is given that the only mandatory conditions that I have to order as a district judge to impose on supervised release are do two drug tests, don't commit another crime, pay restitution if it's there, how can you abscond from that sentence? Like what do you do to abscond from a sentence where it's just for three years you can't commit another crime, you have to submit to two drug tests, you have to pay your restitution. Like is that even a sentence that is possible to abscond from? It is. Okay. How is that? Because when you disappear from the probation officer. No, no, no. What is the probation officer supposed to be doing? If those are the only conditions, what is there for a probation officer to do? I haven't imposed any conditions about the probation officer keeping in touch with you or you keeping in touch with him or doing mandatory drug tests or anything like that. Where do you abscond from? His conditions did require him. Yeah, so he clearly violated the conditions, right? Yes. But, well, it's all right. Well, let me ask you this question now. The government concedes that the district court plainly erred by failing to give Talley the right to allocate, right? Correct. So we have to send it back for resentencing, right? Correct. Okay. We ask the court to affirm the district court's jurisdiction over violation three and remand it for resentencing as to violations one and three, subject to allowing him a proper allocution. All right. Thank you, Ms. Snyder. Mr. Cummings, you've reserved some time for rebuttal. Thank you, Your Honor. The government raised an issue of length hour fugitives being something that could be a problem, but for one, we don't really have evidence that that's a recurring issue of people being compliant with the terms of supervision and then suddenly at the end becoming a fugitive. If you become a fugitive, there's usually some detectable event that happens well before then. But even if that were to surface as a problem, reasonable diligence can cure it because probation offices can schedule a final in-person appointment, for example, in the last 48 or 72 hours of the period of supervision, and if the person doesn't show, that should leave ample time to go to the district court and attempt to get a warrant that would lock in the court's ability to revoke their term of supervision. But I know there's a bit of a concern about whether the government is attempting to have it both ways on tolling, and just to provide a precedential hook for that, in Okoko, the court said, quoting the Eighth Circuit's decision in Juan Michael, that the terms of supervised release cannot simultaneously be told and in effect. And that's correct. That's exactly how tolling works. And so, Mr. Tal, even if fugitive tolling were to apply, which we do not agree with, but even if it were, tolling means tolling. It's suspended. The conditions are either in effect, in which case he was under sentence, or it's told, in which case he can't be punished and revoked for something he did while the conditions were suspended. What's your view of the question of what a person on supervised release is required to do in terms of being available to their supervising officer, apart from any very specific conditions? So, as Judge Brasher was pointing out, there are only these mandatory conditions, from which it's difficult to imagine how one absconds from that. And then most, there's... Well, I mean, you could abscond. I wonder if you didn't show up for any of your drug tests, and then when your supervising officer tried to reach you to find out why, you didn't answer and couldn't be found. I mean, that seems like absconding to me. There is going to be a detective moment, in which case the probation office can seek a warrant or summons. The district court can issue it under 3583I. That locks in and preserves the court's ability to revoke, even after the term expires. And then, when that person is apprehended, they can be brought back before the district court to answer for that. Let me ask you this. So, I do think the government makes a good point about, look, I mean, I get your response on this, but, I mean, so he could abscond in the last month, and we wouldn't have time to get a warrant. Let's say he absconds in the last month, and like the last day of his supervision, he, you know, commits a felony. And so this is someone we really need to revoke, but we just can't meet the statutory deadline because he absconded. It seems like that might be a place where fugitive tolling actually applies, in the sense that that would toll the time for the government to get the warrant. Can we leave open the possibility of that and still rule in your favor here? You could rule in our favor here, because that's not the situation here, technically. But I would disagree because, for one, I don't see a lot of evidence that that is an issue, that people do that in the last month. But even so, what I said is the district, the probation office can self-insure against that possibility by scheduling an in-person appointment or drug test during the last week or 72 hours, and that should be ample time to get a warrant from the district court. Well, I guess it would be more like the situation where the guy commits a felony. You know, he runs away and he commits a felony in another jurisdiction, and so the probation officer doesn't even know about the felony being committed until, you know, after the trauma supervisor leaves or something like that. Well, I think that the government has to exercise some reasonable diligence here. We don't live in the margins, and I don't recommend that we can rewrite statutes or add to them to account for marginal hypotheticals, but probation offices can self-insure against that risk or that possibility. So I'll just conclude where I began, which is that this is not about whether we punish or hold accountable a fugitive from supervised release, but how we can do that by remaining faithful to the text that Congress wrote, and there's no need to import this fugitive tolling rule. Thank you, Your Honors. Thank you.